IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATT JENKINS, | Case No. 3:11-CV-1191 |
| Plaintiff, | Judge: David A. Katz |
| v. | |
| UNITED COLLECTION BUREAU, INC., et al, | |
| Defendants. | |
| CITIBANK (South Dakota), N.A., | |
| Counterclaim Plaintiff, | |
| v. | |
| MATT JENKINS, et al. | |
| Counterclaim Defendants. | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM**

Counterclaim Defendant, Matt Jenkins' (hereinafter, "Defendant"), Rule 12(b)(1) Motion to Dismiss Counterclaim should be granted because Counterclaim Plaintiff' Citibank (South Dakota), N.A. (hereinafter, "Plaintiff"), has failed to plead sufficient facts to satisfy the "amount in controversy" component required to establish diversity jurisdiction in its permissive counterclaim. Permissive counterclaims must be dismissed unless they independently satisfy federal jurisdictional requirements. *Stewart v. Dollar Federal Sav. & Loan Asso.*, 523 F. Supp. 218, 224 (S.D. Ohio 1981).

I. *Plaintiff's Counterclaim is Permissive and Not Compulsory*

A permissive Counterclaim must be supported by independent grounds for federal jurisdiction. *Ruble v. Madison Captial*, 1997 U.S. Dist. LEXIS 22301 (N.D. Ohio May 2, 1997). A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). In contrast, a permissive counterclaim is "any claim that is not compulsory." Fed. R. Civ. P. 13(b.) *Frisby v. Keith D. Weiner & Assocs. Co.*, LPA, 669 F. Supp. 2d 863, 870 (N.D. Ohio 2009).

The original complaint in this action [D.E. 1] involves and is limited to autodialed calls placed to the Defendant's cellular telephone by the Plaintiff and its agent, United Collection Bureau, Inc. seeking to collect a debt allegedly owed by a third party, and not one owed by the Defendant. Upon information and belief the Plaintiff and its agent, United Collection Bureau, Inc. obtained the Defendant's cellular telephone number through its own skip tracing efforts and began calling the Defendant because they believed the Defendant knew the party from whom Plaintiff and its agent, United Collection Bureau, Inc. were attempting to collect.

There is simply no nexus, even under 28 U.S.C. § 1367, between the harassing, violative calls placed to the Defendant purely for the purpose of locating a third party, and the totally unrelated, time-barred breach of contract claims involving the Plaintiff and the Defendant. It should be noted here that Plaintiff, in an attempt to skirt the § 1367 exclusion, purports to bring its counterclaim under Rule 13(h) and Rule 20(a)(2). Rule 13(h) simply states, "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or

crossclaim." That being the case, the practical effect is that Plaintiff's claim to jurisdiction is founded upon Rule 19 and 20. Therefore, 28 U.S.C. § 1367 **specifically does not apply**.

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 USCS § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules … 28 U.S.C. 1367(b).

The Plaintiff's time-barred breach of contract claims, viewed from any angle, can be nothing other than permissive, and are by no stretch of the imagination, compulsory. Therefore, they must stand on their own merit. They do not.

II. *No Diversity Jurisdiction Under 28 U.S.C. § 1332*

Pursuant to 28 U.S.C. § 1332:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …

28 U.S.C. § 1332(a)(1). Plaintiff's counterclaim is founded upon breach of contract and alleges a "combined outstanding balances due on the Accounts of $55,882.23." [D.E. 5, p. 19]While it is true that the Plaintiff and the Defendant are citizens of different states, it is not true that $55,882.23 exceeds the sum or value of $75,000.

An allegation of damages in the amount of $55,882.23 is clearly insufficient to exceed the sum of $75,000, exclusive of interest and costs, as required by federal law. A federal court must decline jurisdiction in diversity cases if the requirements of 28 U.S.C. § 1332(a) are not established. *Sam v. Nationwide Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 59599 (S.D. Tex. June 16, 2010).

Plaintiff has clearly failed to allege facts sufficient to establish that the amount in controversy requirement has been met.  Therefore, the Plaintiff has failed to adequately plead facts sufficient to invoke this Court's diversity subject matter jurisdiction with respect to the counterclaim. Accordingly, Plaintiff's counterclaim should be dismissed for lack of subject matter jurisdiction.

WHEREFORE, Counterclaim Defendant, Matt Jenkins, respectfully moves this Court to dismiss the counterclaim for lack of subject matter jurisdiction, and to grant such other and further relief as the Court deems proper.

Dated:  July 18, 2011.

By:     /s/ W. Andrew LeLiever
    W. Andrew LeLiever
    N.C. State Bar No: 37384
    LELIEVER LAW, P.A.
    5 W. Hargett St., Ste. 210
    Raleigh, NC 27601
    Telephone: 919-906-4687
    Email: lelieverlaw@hotmail.com
    *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2011, a copy of foregoing *Brief in Support of the Motion to Dismiss* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

By:     /s/ W. Andrew LeLiever
    W. Andrew LeLiever
    N.C. State Bar No: 37384
    LELIEVER LAW, P.A.
    5 W. Hargett St., Ste. 210
    Raleigh, NC 27601
    Telephone: 919-906-4687
    Email: lelieverlaw@hotmail.com
    *Counsel for Plaintiff*