IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Matt Jenkins, | ) | CASE NO.: 3:11 CV 1191 |
|         Plaintiff, | ) | |
| | ) | JUDGE: David A. Katz |
| vs. | ) | |
| | ) | Magistrate Judge: James R. Knepp, II |
| United Collection Bureau, Inc., et al, | ) | |
| | ) | |
|         Defendants. | ) | |
| | ) | |

**OPPOSITION TO MOTION TO DISMISS**

Now comes Citibank, N.A., successor in interest to Citibank (South Dakota) N.A., (hereinafter referred to as Defendant), and in response to Plaintiff's Motion to Dismiss Defendant's counterclaim (doc. Nos. 11 & 12), states that the motion is not well-taken and ought to be denied for the following reasons.

First, the filing of an amended pleading ordinarily renders a motion to dismiss the initial pleading moot. *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268, n. 8 (6th Cir. 2008) (citing & quoting *Drake v. City of Detroit*, No. 06-1817, 2008 WL 482283, at *2 (6th Cir. Feb.21, 2008) & 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice And Procedure § 1476 (2d ed.1990)). Here, Defendant was granted leave to file and did file an amended answer & counterclaim. Doc. Nos. 17, 20. As filing the amended answer & counterclaim renders the Defendant's initial answer & counterclaim a nullity, the motion ought to be denied without prejudice to refiling. *Carbon Processing and Reclamation, LLC v. Valero Marketing and Supply Co.*, No. 09-2127, 2009 WL 2369298, 3 (W.D.Tenn. July 30, 2009).

Second, there is a limited exception to this rule, which permits the Court to consider the original motion where the amended pleading and original pleading share the same purported defect. *Greater Cincinnati Coalition for Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, 4

(S.D.Ohio 2009) ("The only circumstances in which filing a amended complaint may not moot a motion to dismiss is when the amended complaint is substantially identical to the original complaint."). In this matter, the only revision made to the Amended Answer & Counterclaim was to add a reference to Rule 19 in the first sentence of the answer & counterclaim. Doc. No. 14. Thus it is substantively the same as the original answer. Should the Court elect to consider the substance of Plaintiff's motion under this limited exception, Defendant offers the following analysis to explain the flaw in Plaintiff's argument.

Here, Plaintiff's motion to dismiss is premised on the assertion that a defendant sued in federal court cannot assert a permissive counterclaim, unless it meets the amount in controversy requirement for diversity jurisdiction. Doc. No. 11, 12. Plaintiff asserts that because the amount in controversy in the counterclaims did not satisfy 28 U.S.C. §1332(a)(1), supplemental jurisdiction under 28 U.S.C. §1367(b) is lacking. Doc. 12, passim. The argument is flawed for the simple reason that 28 U.S.C. § 1367(b) only applies to claims brought solely under diversity jurisdiction. The statute provides: "**(b)** In any civil action of which the district courts have original jurisdiction **_founded solely on section 1332 of this title_**, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." (emphasis added). Plaintiff's complaint alleges this court has diversity jurisdiction under 28 U.S.C. §1332(a) **_as well as federal question jurisdiction_** under 15 U.S.C. §1692k(d). Doc. No. 1 ¶¶7-9. Despite the failure to mention federal question jurisdiction under 28 U.S.C. §1331, it is clear that Plaintiff's FDCPA claims arise under the laws of the United States and provide this court with federal question jurisdiction under 28 U.S.C. §1331.

Doc. No. 1, ¶¶82-84; id at p. 10 (praying for statutory damages, costs and attorneys fees); *Brown v. Hosto & Buchan, PLLC,* 748 F.Supp.2d 847, 851 (W.D.Tenn.2010); *MacDowell v. Kohl's Corp.*, No. 1:10 CV 2034, 2010 WL 4809086, 2 (N.D.Ohio Nov. 18, 2010); *Bennett v. American Medical Response, Inc.,* 226 Fed.Appx. 725, 727, 2007 WL 900989, 1 (9th Cir. 2007).

Federal question jurisdiction is governed by the "well-pleaded complaint rule." This rule provides that jurisdiction under § 1331 is proper when a federal question appears on the face of a well-pled complaint. *See, e.g., Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("a cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law."). Here, Plaintiff has pled causes of action under the TCPA, the FDCPA and North Carolina statutory and common law. Doc No. 1, passim. While Plaintiff has characterized his claims under the TCPA as satisfying the amount in controversy for purposes of diversity jurisdiction, Doc. No. 1, ¶ 7-8, it is now settled law in the Sixth Circuit that TCPA claims under 42 U.S.C. § 227, are within the Court's federal question jurisdiction. *Charvat v. EchoStar Satellite, LLC,* 630 F.3d 459, 463 (6th Cir.2010).[1] Despite Plaintiff's characterization of those claims as arising under the Court's diversity jurisdiction, it is clear in light of the Sixth Circuit decision in *Charvat* that Plaintiff's TCPA claims, Doc. No. 1 ¶¶51-63, also arise under the Court's federal question jurisdiction. The artful pleading doctrine prevents Plaintiff from asserting the contrary. *Hudgins Moving & Storage Co., Inc. v. American Exp. Co.,* 292 F.Supp.2d 991, 1002 (M.D.Tenn. 2003).

---

[1] See also *Mims v. Arrow Financial Services, LLC,* No. 10–1195, --- S.Ct. ----, 2011 WL 1212225 (June 27, 2011)(granting certiorari to resolve a circuit split on whether TCPA claims fall within federal question jurisdiction) (petition available online at http://www.citizen.org/documents/Mims-v-Arrow-Petition.pdf) (question presented "Did Congress divest the federal district courts of their federal-question jurisdiction under 28 U.S.C. § 1331 over private actions brought under the Telephone Consumer Protection Act?.") Notwithstanding, *Charvat* controls unless and until it is abrogated by the U.S. Supreme Court.

Consequently, the premise of Plaintiff's motion, that Plaintiff's claims arise solely under the Court's diversity jurisdiction, and thus, the limitation against entertaining permissive jurisdiction over the counterclaim under 28 U.S.C. §1367(b), is flawed and meritless. See *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 558-560, 125 S.Ct. 2611, 2621 (2005). In that Plaintiff's action is not founded solely on section 1332, the exception set forth in § 1367(b) is inapplicable. *Exxon Mobil Corp v. Allapattah Services, Inc.* 545 U.S. 546, 558-66, 563 (construing *Chicago v. International College of Surgeons,* 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)).

Third, the limitation imposed under 28 U.S.C. §1367(b) does not prohibit a defendant from filing a counterclaim (whether compulsory or permissive) against the Plaintiff, because the purpose of the limitation is "concerned only with efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in certain specific contexts for want of subject matter jurisdiction. The repetition of the word "plaintiffs" at several rule-citing junctures in subdivision (b) makes this clear." David D. Siegel, Commentary on the 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction, reprinted in 28 U.S.C. § 1367 (Westlaw). The assertion of counterclaims against a Plaintiff, and additional counter-defendants under Rule 13(h), and Rule 19 or 20, need only meet the same case or controversy requirement of 28 U.S.C. §1367(a). *Frisby v. Keith D. Weiner & Associates Co., LPA,* 669 F. Supp. 2d 863 (N.D. Ohio 2009); *Viacom Intern., Inc. v. Kearney* 212 F.3d 721, 727 (2d Cir. 2000); 6 Wright, Miller, Kane & Marcus, Federal Practice & Procedure § 1422 (3d ed.).

Fourth, the Defendant's counterclaims satisfy the requirements of 28 U.S.C. §1367(a), because they meet the logical relationship standard for compulsory counterclaims, *Sanders v. First Nat. Bank & Trust Co. in Great Bend,* 936 F.2d 273, 277 (6th Cir. 1991); as well as the case or controversy requirement of 28 U.S.C. § 1367(a). *Frisby v. Keith D. Weiner & Associates Co., LPA,* 669 F.Supp.2d 863, 872. Plaintiff's complaint alleges Defendant called him and sent him text messages

4

on his cell phone ((562) 882-0300) without his permission. Doc. No. 1 ¶¶ 10-29. Defendant's answer asserts as an affirmative defense that Plaintiff provided "express consent" and "provided Defendant his telephone number, 562-882-0300, during the transactions that resulted in the debts owed…." Doc. No. 20 ¶¶ 9-10. The counterclaim asserts that Plaintiff, on behalf of himself and his company, Shephard Service Company, opened three different credit card accounts with the Defendant and failed to repay the debts owed. Id at ¶¶4-19. Thus, in connection with Plaintiff's claim, the Court will be required to consider whether calls were placed to the Plaintiff's cellular phone, and whether consent was given to do so in connection with the transactions that resulted in the debts owed. Cf. *Moltz v. Firstsource Advantage, LLC*, No. 08–CV–239S, 2011 WL 3360010, 6 (W.D.N.Y. Aug. 3, 2011)("Whether Defendant violated the TCPA by calling Plaintiff's cellular phone and using a prerecorded voice to deliver messages, hinges on whether Defendant had the prior express consent of Plaintiff to call his cellular telephone number. If it did, Defendant cannot be held liable under the TCPA because the FDCPA permits such calls on consent. … If it did not, Defendant may have violated the TCPA."); see FCC Declaratory Ruling, In The Matter Of Rules And Regulations Implementing The Telephone Consumer Protection Act Of 1991, 23 F.C.C.R. 559, CG 02-278 (Jan. 4, 2008) ("Because we find that autodialed and prerecorded message calls to wireless numbers **provided by the called party in connection with an existing debt** are made with the "prior express consent" of the called party,… we clarify that such calls are permissible. We conclude that **the provision of a cell phone number to a creditor**, e.g., as part of a credit application, **reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt**.")(emphasis added).

Under the "logical relationship" test, the Court must determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims. *Sanders v. First Nat. Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277

(6th Cir. 1991) (citing *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). Because the TCPA's consent to call defense requires evidence of the existence of Plaintiff's debt as well as evidence that the number to call was given to Defendant by the Plaintiff regarding the debts, the issues of law and fact raised by the complaint and counterclaim are largely the same because substantially the same evidence would support or refute both Plaintiff's complaint and Defendant's defense and its counterclaims.

Finally, even if the Court were to find the counterclaims permissive, "a permissive counterclaim need not independently satisfy federal jurisdictional requirements. Instead, this Court may exercise supplemental jurisdiction over the counterclaim as long as the counterclaim is part of the same "case or controversy" as the underlying claim, § 1367(a), not specifically excluded by § 1367(b), and not coupled with any persuasive reason to nevertheless decline jurisdiction under § 1367(c)." *Frisby v. Keith D. Weiner & Associates Co., LPA,* 669 F.Supp.2d 863, 872. Because the complaint, defense and counterclaims share a common factual connection, i.e., the provision of Plaintiff's cell phone number to the Defendant in connection with his debts, or more fundamentally, the relationship of debtor and creditor, the counterclaim is part of the same case or controversy as Plaintiff's claims that he was called by the Defendant on his cellular phone without his permission. *Id*. Because none of the exceptions set forth in 1367(b) apply, *supra*, the Court must consider whether to nonetheless decline jurisdiction for the reasons set forth in 1367(c). *Id*. Those reasons are:

> **(1)** the claim raises a novel or complex issue of State law,
> 
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> 
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> 
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). Here, whether Plaintiff owes Defendant for unpaid credit card debts incurred in his former business does not involve novel or complex issues of state law; proving the indebtedness will not predominate over the questions of whether calls were made and whether consent was given to call regarding the debts; the court has not dismissed the Plaintiff's claims; and there are no other compelling reasons cited by Plaintiff for declining jurisdiction. "In fact, the interests of judicial economy and efficiency support exercising supplemental jurisdiction over the counterclaim." *Frisby v. Keith D. Weiner & Associates Co., LPA,* 669 F.Supp.2d 863, 872.

**CONCLUSION**

Because it will be necessary to consider evidence of the parties creditor-debtor relationship, including the existence of the Plaintiff's debts, the credit card transaction history, and whether consent to call 562-882-0300 was given, in connection with both Plaintiff's TCPA claims and Defendant's affirmative defenses and counterclaims, the counterclaims, which assert the existence of unpaid debts owed by Plaintiff, are both logically related to and part of the same case or controversy as Plaintiff's claims.

For all the foregoing reasons, Plaintiff's motion to dismiss ought to be denied.

Respectfully Submitted:

/s/ Michael D. Slodov
MICHAEL D. SLODOV, SCR#0051678
JAVITCH, BLOCK & RATHBONE, LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:     (216) 623-0000 ex. 3057
Fax:    (216) 685-3038
E-mail: mslodov@jbandr.com
*Attorneys for Defendant*
 *Citibank (South Dakota), N.A.*

**Proof of Service**

I hereby certify that on August 10, 2011 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ Michael D. Slodov
Michael D. Slodov, SCR# 0051678