**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Matt Jenkins, ) | CASE NO.: 3:11 CV 1191 |
| Plaintiff, ) | |
| ) | JUDGE: David A. Katz |
| vs. ) | |
| ) | Magistrate Judge: James R. Knepp, II |
| United Collection Bureau, Inc., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK, N.A.'s
REQUEST FOR ENTRY OF DEFAULT**

**COMES NOW** the Plaintiff, Matt Jenkins, by and through the undersigned counsel in opposition to Defendant Citibank, N.A.'s Request for Entry of Default as to its First Amended Counterclaim [D.E. 20], filed on August 8, 2011, and as grounds therefore shows the following:

1. Plaintiff filed his motion to dismiss Citibank's counterclaim, pursuant to Rule 12(b)(1) on July 18, 2011, [D.E. 12].

2. Because Citibank's amended counterclaim is substantially identical to the original counterclaim, Plaintiff's motion to dismiss is not mooted and is still pending before the Court. Greater Cincinnati Coalition for the Homeless v. City of Cincinnati, 2009 U.S. Dist. LEXIS 84474 (S.D. Ohio Aug. 7, 2009).

3. Citibank's motion is brought pursuant to Rule 55(a) which states, "When a party against whom a judgment for affirmative relief is sought has failed to plead **or otherwise defend**, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

4. The term, "**otherwise defend**," refers to a motion challenging such matters as service, venue, or the sufficiency of a pleading, etc. Harrison v. Bornn, Bornn & Handy, 200 F.R.D. 509, 513 (D.V.I. 2001). See also, Brooks v. Sauceda, 2000 U.S. App. LEXIS 29615 (10th Cir. Nov. 22, 2000) (*Rule 12(b) motion held as otherwise defending suit*); Mohammed v. Davis County, 2008 U.S. Dist. LEXIS 19178 (D. Utah Mar. 11, 2008) (*Because defendant filed Rule 12(b) motion, he did not fail to plead or otherwise defend*); Denson v. HSBC Auto Fin., Inc., 2006 U.S. Dist. LEXIS 88179 (M.D. Fla. Dec. 6, 2006) (*motions challenging a complaint under Rule 12 fall squarely within the ambit of the phrase "otherwise defend"*); United States v. Schmidt, 2002 U.S. Dist. LEXIS 16151 (E.D. Cal. July 23, 2002) (*the filing, or attempted filing, of a motion to dismiss was an attempt to "otherwise defend" this action within the meaning Rule 55(a)*); Smith v. Commissioner, 91 T.C. 1049, 1064 (T.C. 1988) *(the words "otherwise defend" refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits*).

WHEREFORE, because Plaintiff, Matt Jenkins, has appeared in defense of Citibank's counterclaim, and currently has a Rule 12(b) motion to dismiss pending before the Court, Citibank's request for default pursuant to Rule 55(a) is improperly brought and must be denied.

Dated: September 7, 2011                     Respectfully submitted,

/s/ W. Andrew LeLiever
W. Andrew LeLiever
N.C. State Bar No: 37384
LELIEVER LAW, P.A.
5 W. Hargett St., Ste. 210
Raleigh, NC 27601
Telephone: 919-906-4687
lelieverlaw@hotmail.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2011, a copy of foregoing *PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK, N.A's. REQUEST FOR ENTRY OF DEFAULT* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                    By:    /s/ W. Andrew LeLiever
                             W. Andrew LeLiever
                             N.C. State Bar No: 37384