IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Matt Jenkins, | ) CASE NO.: 3:11 CV 1191 |
|         Plaintiff, | ) |
| | ) JUDGE: David A. Katz |
| vs. | ) |
| | ) Magistrate Judge: James R. Knepp, II |
| United Collection Bureau, Inc., et al, | ) |
| | ) |
|         Defendants. | ) |
| | ) |

**REPLY IN SUPPORT OF CITIBANK, N.A.'S
REQUEST FOR ENTRY OF DEFAULT**

Now comes Citibank, N.A., successor in interest to Citibank (South Dakota) N.A., (hereinafter referred to as Defendant), and in reply to Plaintiff's opposition to its Application for entry of default states Plaintiff's opposition is not well-taken and ought to be overruled for the following reasons.

First, it is axiomatic that: "Entry of default for failure to plead or otherwise defend is not limited to situations involving a failure to answer a complaint, but applies to any of the pleadings listed in Rule 7(a).... Thus, plaintiff's failure to reply to a counterclaim may entitle defendant to an entry of default on the counterclaim." 10A Wright, Miller, Kane & Marcus, Federal Practice & Procedure § 2682 (3d ed.). See e.g., *Cook v. Olathe Medical Center, Inc.*, No. 10–2133, 2011 WL 1403176, 1 (D.Kan. Apr. 13, 2011) ("Because plaintiff has failed to plead or otherwise defend the counterclaim, OMC is entitled to an entry of default…."); *Taylor v. Knoxville Trucks, Inc.*, No. 3:10-713, 2010 WL 4922579, 1 (D.S.C. Nov. 29, 2010)(same); *Castleberry v. Chase Bank, USA NA*, No. 10-11166, 2010 WL 3582437, 1 (E.D.Mich. Sept. 13, 2010)(same).

Second, the filing of Plaintiff's Motion to dismiss, challenging Defendant's initial answer & counterclaim, was mooted by the filing of Defendant's Amended Answer & Counterclaim. See cases

cited at Doc. No. 21, p. 1, incorporated herein by reference. To date, Plaintiff has not responded at all to the Amended Answer & Counterclaim, and the time for doing so under Fed.R. Civ.P. 15(a) has lapsed.

Third, even if the Plaintiff believed the issue raised in his motion to dismiss was not rendered moot by the filing of the amended answer & counterclaim, it was incumbent on Plaintiff to again move to dismiss or answer accordingly, within the time frame provided under Fed.R. Civ.P. 15(a). See e.g. *Peak N.D., LLC v. Wilkinson,* No. 4:08-cv-087, 2010 WL 2163516, 3 (D.N.D.May 25, 2010)("As the filing of the first amended counterclaim was timely and proper, the Plaintiffs should have filed another Rule 12(b)(6) motion … if they believed the first amended counterclaim was insufficient under Rule 8.").

Fourth, having been apprised of the default and failing to cure it, establishes Plaintiff's culpability. *Anderson v. Iceland Seafood Corp.,* 77 F.3d 480 table, 1996 WL 46554, 3 (5th Cir. 1996)(per curiam); *Krowtoh II LLC v. ExCelsius Intern., Ltd,* 330 Fed. App'x 530, 536 (6th Cir.2009); *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986).

WHEREFORE, Defendant Citibank, N.A., successor in interest to Citibank (South Dakota) N.A requests that the Clerk enter the default of Plaintiff Matt Jenkins.

Respectfully Submitted:

/s/ Michael D. Slodov
MICHAEL D. SLODOV, SCR#0051678
JAVITCH, BLOCK & RATHBONE, LLC
1100 Superior Ave., 19th Floor
Cleveland, Ohio 44114
Ph:   (216) 623-0000 ex. 3057
Fax:  (216) 685-3038
E-mail: mslodov@jbandr.com
*Attorneys for Defendant*
 *Citibank (South Dakota), N.A.*

**Proof of Service**

I hereby certify that on September 8, 2011 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ Michael D. Slodov
Michael D. Slodov, SCR# 0051678